UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL BOOHER, et al.,

        Defendants.

3:09-cv-0576-LRH-VPC

ORDER

Before the court is plaintiff the United States of America's ("United States") motion for summary judgment to reduce to judgment federal tax assessments against defendant Michael Booher ("Booher") and to foreclose related tax liens on certain real property. Doc. #55.[1] Defendant Booher filed an opposition (Doc. #61) to which the United States responded (Doc. #62).

**I.      Facts and Background**

Defendant Booher owns Hillcrest Enterprises ("Hillcrest"), a remodeling and renovation business which he operates as a sole proprietorship. Hillcrest presently employs six permanent employees and four part-time employees.

Throughout the relevant time period,[2] Booher filed standard Employer's Quarterly Federal

---

[1] Refers to the court's docket number.

[2] The tax periods at issue in this action involve various quarterly tax periods from 1998 through 2008.

1  Tax Returns using Form 941 and reported owing federal employment taxes. Based on these returns,
2  the United States assessed tax obligations against Booher for the relevant tax periods. However,
3  Booher did not pay the amounts owed and became delinquent on certain tax obligations.
4        On September 30, 2009, the United States filed the underlying action against Booher.
5  Doc. #1. Thereafter, the United States filed the present motion for summary judgment to reduce to
6  judgment federal tax assessments against Booher and to foreclose related tax liens on certain real
7  property. Doc. #55.
8  **II.   Legal Standard**
9        Summary judgment is appropriate only when "the pleadings, depositions, answers to
10 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
11 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
12 law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together
13 with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
14 to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
15 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).
16       The moving party bears the burden of informing the court of the basis for its motion, along
17 with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
18 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party
19 must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
20 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
21 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).
22       To successfully rebut a motion for summary judgment, the non-moving party must point to
23 facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*
24 *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the
25 outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
26

(1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In his opposition, Booher concedes that he owes outstanding federal tax related to his filing of the related quarterly returns. *See* Doc. #61. However, Booher contests the total amount owed and argues that certain tax obligations have been paid or are not outstanding. *Id*. In particular, Booher argues that (1) he does not owe any tax for the Third Quarter 1998 because the applicable statute of limitations has passed; (2) the United States has failed to put forth evidence that he owes tax for the Third Quarter 2001; and (3) the United States misapplied certain payments thereby causing him to incur penalties on assessments that should have been paid. *Id*. The court shall address each argument below.

**1. Third Quarter 1998**

A civil action to collect on federal tax obligations must be initiated within ten (10) years of the tax assessment. 26 U.S.C. § 6502. Here, the obligation in contention was assessed on September 14, 1998. *See* Doc. #55-4, Exhibit 1. Therefore, the statute of limitations would have run on September 14, 2008.

However, the ten (10) year statute of limitations period is tolled while there is a pending Offer in Compromise. 26 U.S.C. § 6331(k) and (i)(5). On October 12, 2000, Booher submitted an initial Offer in Compromise which was rejected on April 25, 2002. *Id*. Subsequently, on November 29, 2005, Booher submitted another Offer in Compromise which was rejected on September 13, 2006. *Id*. Thus, the statute of limitations was tolled for more than a year while the Offers in

Compromise were pending. Because this action was filed on September 30, 2009, within the tolled statute of limitations period, the 1998 tax assessment is timely and not barred by the statute of limitations. Therefore, the court finds that the United States is entitled to summary judgment on this assessment.

**2. Third Quarter 2001**

In his opposition, Booher claims that because the United States did not submit the original Form 941 Employer's Quarterly Tax Return for the Third Quarter 2001 with its motion for summary judgment, there is no evidence before the court that he owes any tax obligation for this quarter.

In stark contrast to Booher's contention, however, the United States has submitted evidence of Booher's tax obligation for the Third Quarter 2001 in the form of a Form 4340, Certificate of Assessments and Payments. Doc. #55-4, Exhibit 2. Certificates of Assessments and Payments are self-authenticating documents establishing "a *prima facie* case" of a tax liability. *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994). Therefore, the court finds that the United States has submitted sufficient evidence that Booher owes federal tax for the Third Quarter 2001.

Once the United States establishes its *prima facie* case of a tax obligation, the burden shifts to the tax payer to proffer "countervailing proof" that there is no such obligation. *United States v. Strebler*, 313 F.2d 402, 403 (8th Cir. 1963). Here, Booher has submitted no evidence that the United States' assessment for this period is inaccurate or not owed. Thus, the court finds that the United States is entitled to summary judgment on this tax assessment.

**3. Misapplied Payments**

For the remainder of the tax periods at issue, Booher does not contest the tax assessments themselves, but claims that payments he made were not properly applied to certain assessments which would have reduced his overall tax liability and eliminated related interest and penalties.

The court has reviewed the documents and pleadings on file in this manner and finds that

1  Booher's claim is without merit. The IRS may apply a taxpayer's overpayment of a tax obligation
2  to any federal tax liability of the taxpayer so long as the statute of limitations for collecting on that
3  liability has not run. 26 U.S.C. § 6402. Further, the IRS has the authority to allocate proceeds from
4  tax levies or other involuntary payments, including tax reimbursements, among any unpaid
5  assessments in any manner it sees fit. *See Tull v. United States*, 69 F.3d 394, 397 (9th Cir. 1995);
6  *see also*, 26 U.S.C. § 6342. Morevoer, Booher has not submitted any evidence that he made
7  specific, directed payments to any particular tax obligation or any evidence that his overpayments
8  for certain tax quarters were not applied within the IRS's statutory authority. Therefore, the court
9  finds that the United States is entitled to summary judgment on the remaining tax assessments.

11      IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #55)
12  is GRANTED. The clerk of court shall enter judgment in favor of the United States and against
13  defendant Michael Booher in the amount of $167,705.90, plus accruing interest pursuant to
14  26 U.S.C. §§ 6601, 6621-22 and 28 U.S.C. § 1961(c).
15      IT IS FURTHER ORDERED that the United States shall have ten (10) days to file a
16  proposed order regarding foreclosure of certain non-residential real property of Hillcrest
17  Enterprises and defendant Michael Booher and submit the same for signature.
18      IT IS SO ORDERED.
19      DATED this 22nd day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE