UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL BOOHER, et al.,<br><br>　　　　Defendants. | 3:09-cv-0576-LRH-VPC<br><br>ORDER |

Before the court are defendant Michael Booher's ("Booher") motion for reconsideration (Doc. #82[1]) and motion to extend time to remove personal possessions (Doc. #83).

**I.　Facts and Background**

Defendant Booher owns Hillcrest Enterprises ("Hillcrest"), a remodeling and renovation business which he operates as a sole proprietorship. Hillcrest presently employs six permanent employees and four part-time employees.

Throughout the relevant time period,[2] Booher filed standard Employer's Quarterly Federal Tax Returns using Form 941 and reported owing federal employment taxes. Based on these returns, the United States assessed tax obligations against Booher for the relevant tax periods. However,

---

[1] Refers to the court's docket number.

[2] The tax periods at issue in this action involve various quarterly tax periods from 1998 through 2008.

1  Booher did not pay the amounts owed and became delinquent on certain tax obligations.

2  On September 30, 2009, the United States filed a tax lien action against Booher. Doc. #1.
3  Subsequently, the United States filed a motion for summary judgment to reduce to judgment the
4  federal tax assessments and to foreclose related tax liens on certain real property (Doc. #55) which
5  was granted by the court (Doc. #77). Thereafter, Booher filed the present motions for
6  reconsideration and for an extension of time to remove personal possessions. Doc. ##82, 83.

7  **II.   Motion for Reconsideration (Doc. #82)**

8  Booher brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion
9  under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and
10  conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th
11  Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is
12  presented with newly discovered evidence, an intervening change of controlling law, manifest
13  injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United*
14  *States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v.*
15  *AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

16  In his motion, Booher asks the court to reconsider its order because he has submitted an
17  Offer in Compromise to the United States to settle his tax obligations. *See* Doc. #82. However, the
18  court notes that the mere sending of an Offer in Compromise does not create a settlement
19  agreement between the parties that would disrupt the court's prior ruling. As the United States has
20  pointed out, it "has not taken any position with respect to the likelihood that the offer will be
21  accepted." Doc. #84. Thus, at this time no settlement has been reached. Further, the court finds that
22  Booher has failed to identify any error in the court's prior order warranting reconsideration.
23  Therefore, Booher has failed to meet his burden for reconsideration under Rule 59(e) and the court
24  shall deny it accordingly.

25  ///

26

### III. Motion to Extend Time to Remove Possessions (Doc. #83)

In this motion, Booher requests additional time to remove his possessions from the underlying foreclosed business property. *See* Doc. #83. The court has reviewed the motion and finds that there is good cause to extend the time for Booher to remove his property. Accordingly, the court shall grant the motion and extend the time to October 31, 2011.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #82) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to extend time to remove personal property (Doc. #83) is GRANTED. Defendant Michael Booher shall have until October 31, 2011 to remove his possessions from the foreclosed property.

IT IS SO ORDERED.

DATED this 20 day of September, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3